UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEKNAT MOHAMMAD,
A-045-647-634,

        Petitioner,

    v.

CHRISTOPHER CHESTNUT, et. al.,

        Respondents.

No.  1:26-cv-01139-DAD-DMC-HC

ORDER TO SHOW CAUSE

Petitioner, an immigration detainee proceeding with counsel, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 11. Respondents filed an answer, ECF No. 13, and Petitioner filed a reply, ECF No. 14.

Petitioner argues that Petitioner's detention exceeds their statutory authority because Petitioner's removal is not significantly likely in the reasonably foreseeable future and Respondents have not established a change in circumstances as to the likelihood of Petitioner's removal to justify his continued detention. See ECF No. 11. According to Petitioner, his order of removal became final in 2013 but he was released "because removal could not be effectuated—most critically, because Iran would not provide travel documents." Id. at 2.  Respondents contend that "Petitioner is removable under 8 U.S.C. § 1227(a)(2)(B)(i)" due to a 2013 conviction and Petitioner was "placed in ICE custody on January 8, 2026, after being released from a prison sentence for even yet another crime." ECF No. 13, pg. 1.

1

When a noncitizen[1] subject to a final order of removal is released due to a finding of no significant likelihood of removal, 8 C.F.R. § 241.13(i)(3) provides the procedures necessary to revoke such release:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

Such process is required even if the basis of revocation is violation of order of supervision, as indicated by the structure of the statute and the fact that the process allows the noncitizen opportunity to present evidence "that he or she has not violated the order of supervision." Further, "ICE has a duty to follow its own regulations and, if it fails to do so, the detention is likely a violation of due process." Uzzhina v. Chestnut, No. 1:25-cv-1594 DAD SCR, 2025 WL 3458787, at *3–4 (E.D. Cal. Dec. 2, 2025) (collecting cases). Here, Respondents do not address whether this procedure has been provided to Petitioner and the current record provides no information addressing this issue.

Additionally, Respondents assert that "If ICE had travel documents ready for the petitioner in this instant, Petitioner would have no grounds to challenge his mandatory detention in preparation for removal." ECF No. 13, pg. 2. Petitioner argues there is no significant likelihood of his removal in the reasonably foreseeable future because Respondents previously were unable to remove Petitioner to Iran and the current circumstances make obtaining travel documents from Iran unlikely given that "the United States has launched combat operations involving Iran and that the situation has produced significant security and travel disruptions." ECF No. 11-1, pg. 3. Respondents argue that though they previously were unable to obtain such documents and "the United States is currently at war with Iran . . . this, however, does not mean that ICE will be

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien," in keeping with recent preferred nomenclature. Avilez v. Garland, 69 F.4th 525, 527 n.1 (9th Cir. 2023) (collecting cases).

2

unable to affect Petitioner's removal from the United States and the agency should be given the appropriate time to consider removal alternatives to Iran." ECF No. 13, pg. 2.

Despite Respondents' general claim that they may be able to obtain travel documents or identify another country to remove Petitioner to, Respondents do not provide any information as to any steps taken to effectuate Petitioner's removal, including requesting travel documents from Iran, any communications with Iran regarding Petitioner's travel documents, or the process for determining if Petitioner could be removed to a third country.

Given the indication that Respondents detained Petitioner without following the requirements of 8 C.F.R. § 241.13(i)(3) and the lack of information regarding Respondents' steps to effectuating Petitioner's removal, Respondents are ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this order why the undersigned should not recommend granting the petition for failure to provide Petitioner the process required by 8 C.F.R. § 241.13(i)(3) and failure to demonstrate significant likelihood of Petitioner's removal in the reasonably foreseeable future. Petitioner shall have seven (7) days after Respondents' filing to reply.

IT IS SO ORDERED.

Dated:  May 18, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE